In the Matter of the Judicial Settlement of the Final Account of Proceedings of RANSOM D. DEDERICK, as Administrator of MARGARET DEDERICK, Deceased. NATHAN DEDERICK, Appellant; RANSOM D. DEDERICK, as Administrator, etc., of MARGARET DEDERICK, Deceased, Respondent.— Appeal by objectant from decree of the Surrogate's Court of Westchester County judicially settling the final account of the administrator of the deceased. Decree affirmed, with costs, payable by the appellant personally. The administrator claimed certain certificates of stock of the value of $2,058.13 carried in the name of the intestate were his property because they were purchased with his personal funds, and were kept in a tin box owned by him of which he had control. The records of the bank and stock exchange house through which the certificates were purchased sustained his contention. His own testimony established retention of control of the certificates. None of this testimony violated section 347 of the Civil Practice Act. In the absence of proof that there had ever been a delivery of the certificates to her by way of gift, this body of proof was sufficient to overthrow the effect of the proof that the certificates were in the decedent's name and the fact that she had joint access to the tin box in which the certificates were kept. The account disclosed that the administrator was entitled to a credit of $1,012.39 for funeral and administration expenses to meet which expenditures there were no assets. Lazansky, P. J., Hagarty, Carswell and Adel, JJ., concur; Taylor, J., dissents with the following memorandum: I dissent and vote to reverse the decree appealed from and to remit the proceeding to the Surrogate's Court of Westchester County with direction to enter a decree settling the account of proceedings on the basis of the ownership by the decedent of the securities in her name, ownership of which was claimed by the accountant. The competent evidence in the record, as matter of law, is wholly insufficient to warrant the factual inference drawn by the learned surrogate

that the securities in question were the individual property of the accounting administrator. Testimony of the latter, within the inhibition of section 347 of the Civil Practice Act, was received over objection and exception. The surrogate in effect states that he disregarded such testimony. If, however, it be considered as eliminated from the record, the other evidence compels a finding that the securities were the property of the deceased, in whose name they stood.